IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIO ALIANO and )
DUE FRATELLI, INC., )
      Plaintiffs, )
)
v. ) No. 14 C 10086
)
FIFTH GENERATION, INC. )
      Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Fifth Generation, Inc.'s (FGI) motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

Plaintiff Mario Aliano (Aliano) and Plaintiff Due Fratelli, Inc. (Fratelli), a restaurant owned by Aliano, allege that FGI makes false representations in the marketing and advertising of its vodka known as Tito's Handmade Vodka (Tito's). Plaintiffs assert that Tito's product label describes the vodka as "handmade" and "crafted in an old fashioned pot still," and that Tito's website displays similar statements. (A Compl. 2). Plaintiffs also claim that FGI's manner of referring to itself as a "microdistillery" which produces a "high-quality, low-volume alternative to mass produced liquors" is false and misleading. (A Compl. 1, 6). Plaintiffs

1

contend that they were deceived into paying higher prices for Tito's than they otherwise would have been willing to pay.

Plaintiffs include in their amended complaint claims alleging violations of the Texas Deceptive Trade Practices Act (TDTPA), V.T.C.A., Bus. & C. § 17.41 *et seq.* (Count I), the Illinois Consumer Fraud and Deceptive Trade Practices Act (ICFA), 815 ILCS 505/1 *et seq.* (Count II), the Illinois Uniform Deceptive Trade Practices Act (IDTPA), 815 ILCS 510/1 *et seq.* (Count III), and a claim for restitution or unjust enrichment (Count IV). FGI now moves to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint "must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted)**.**

## DISCUSSION

I.  TDTPA Claim

FGI argues that Count I should be dismissed because the TDTPA is directed at Texas consumers and is not applicable to Plaintiffs' claims in this case.  (MTD 2); (MTD Mem. 13).  Plaintiffs concede that dismissal of the TDTPA claim is appropriate.  (Resp. MTD 3, fn 1).  Count I is therefore dismissed with prejudice.

II.  IDTPA Claim

FGI argues that Count III should be dismissed because Plaintiffs fail to allege future damages necessary to state a cause of action under the IDTPA.  (MTD 2); (MTD Mem. 10).  The IDTPA allows for injunctive relief, but it does not provide for monetary damages. *Kensington's Wine Auctioneers and Brokers, Inc. v. John Hart Fine Wine, Ltd.*, 909 N.E.2d 848, 857 (Ill. App. 2009); *see* 815 ILCS 510/3 (providing that "[a] person likely to be damaged by a deceptive trade practice of another may be granted injunctive relief upon terms that the court considers reasonable").  In order to seek injunctive relief under the IDTPA, a plaintiff must "sufficiently allege that [the

defendant's] conduct will likely cause him harm in the future." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 740 (7th Cir. 2014)(citing *Kensington's Wine*, 909 N.E.2d at 857).

With respect to pleading the requisite future damages of its IDTPA claim, Fratelli asserts that:

> [I]f it does not purchase Tito's for its restaurant, it will suffer damages in the form of lost business from customers who want to drink Tito's. However, if Plaintiff purchases Tito's and serves it to customers, Plaintiff will suffer damages in the form of lost business from customers who object to Plaintiff's sale of Tito's at a premium price when it is not a premium product.

(A Compl. 18). FGI contends that Plaintiffs fail to plausibly allege a likelihood of future harm, which merits dismissal of the IDTPA claim. (MTD Mem. 10). FGI further argues that "[w]hen a consumer plaintiff has already made a purchase and is aware of an alleged defect," case law does not recognize a claim under the IDTPA since the consumer can simply avoid buying or using the product in the future. (MTD Mem. 10)(citing *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 918 (N.D. Ill. 2013)(stating that "[t]he problem inherent in such consumer actions is the inability to allege facts which would indicate that the plaintiff is 'likely to be damaged'" since "the [alleged] harm has already occurred")(quoting *Brooks v. Midas-International Corp.*, 361 N.E.2d 815, 821 (Ill. App. 1977)). Plaintiffs do not cite to any authority in support of their assertion that Fratelli is entitled to injunctive relief under the IDTPA. (Resp. MTD 8-9).

4

According to the amended complaint, Aliano previously purchased Tito's for Fratelli's use in October 2014. (A Compl. 8). Plaintiffs' argument that Fratelli would be negatively impacted regardless of whether it buys Tito's in the future or not is purely speculative and insufficient to state a claim of future damages. Thus, Plaintiffs have failed to plausibly allege a likelihood of future harm in order to sustain their IDTPA claim. *See Camasta*, 761 F.3d at 741 (holding that plaintiff is not entitled to injunctive relief "without more than [a] speculative claim" of being harmed again); *see also Aliano v. Louisville Distilling Company, LLC*, 2015 WL 4429202, at *5 (N.D. Ill. 2015)(reasoning that "the Catch–22 situation [plaintiff] describes is entirely speculative and implausible"); *see also Aliano v. WhistlePig, LLC*, 2015 WL 2399354, at *5 (N.D. Ill. 2015)(stating that "[plaintiff']s rank speculation regarding future customer behavior is insufficient to state a facially plausible claim for relief under the IDTPA"). Since Plaintiffs fail to sufficiently allege future damages required for an IDTPA claim, FGI's motion to dismiss Count III is granted.

III.  ICFA Claim

FGI argues that Count II should be dismissed because Plaintiffs fail to sufficiently allege the required elements of an ICFA claim. (MTD 2); (MTD Mem. 8). To establish a claim under the ICFA, a plaintiff must show: "(1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Siegel v. Shell*

5

*Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010). Additionally, the plaintiff must show that "the defendant's conduct is the proximate cause of the injury." *Id.* at 935 (citing *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160 (Ill. 2002)). Further, the plaintiff must meet the particularity requirement of Federal Rule of Civil Procedure 9(b) (Rule 9(b)). *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011). Rule 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud," which "ordinarily requires describing the 'who, what, when, where, and how' of the fraud." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011)(citations omitted); *see also* Fed. R. Civ. P. 9(b)(stating that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake").

A. Damages and Proximate Causation

FGI argues that Plaintiffs fail to sufficiently allege actual damages and proximate causation as required by the ICFA. (MTD 2); (MTD Mem. 7-8). To satisfy the actual damage element of an ICFA claim, a plaintiff must allege having suffered "actual pecuniary loss." *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010)(quoting *Mulligan v. QVC, Inc.*, 888 N.E.2d 1190, 1197 (Ill. App. 2008)). However, "actual loss may occur if the seller's [alleged] deception deprives the plaintiff of 'the benefit of her bargain' by causing her to pay 'more than the actual value of the property.'" *Kim*, 598 F.3d at 365 (quoting *Mulligan*, 888 N.E.2d at 1197). For an ICFA claim, the plaintiff must also allege that those "actual damages

6

were proximately caused by the deception." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006).

In this case, Plaintiffs allege that Aliano purchased Tito's, for both himself and on Fratelli's behalf, in October of 2014. (A Compl. 8). Plaintiffs contend that Aliano had researched various brands of alcohol to determine which brands to purchase for Fratelli's use, and that "[p]rior to purchasing Tito's . . . , Aliano consulted internet websites, and product labels for various brands of vodka, including Tito's, and compared the representations in the marketing and advertising materials for each brand of vodka." (A Compl. 8). Plaintiffs claim that Aliano decided to purchase Tito's "[b]ased on the research he conducted" and on FGI's representations from its label and website that Tito's is a "high-quality 'handmade' vodka produced in 'small batches' from an 'old fashioned pot still.'" (A Compl. 8). Plaintiffs argue that such representations caused Tito's to be valued at an amount higher than its actual worth and that this discrepancy caused Plaintiffs to pay a "premium" price for the product, which was more than what they would have otherwise paid since they "would not have purchased Tito's" had they known the product's true nature. (A Compl. 8, 14).

Plaintiffs' allegations are too general to meet the particularity requirement of Rule 9(b). Plaintiffs merely allege that Aliano purchased Tito's in October 2014 after Aliano's research, but Plaintiffs fail to include more specific information regarding his research, such as which websites were visited, when he visited the websites, who advertised on such websites, and the exact contents of the statements

7

he allegedly read on such websites. Thus, Plaintiffs' allegations do not include the "who, what, when, where, or how" elements regarding the alleged misrepresentations. Therefore, Plaintiffs' allegations do not meet the heightened pleading requirements of Rule 9(b). Even if Plaintiffs had sufficiently alleged each element to proceed on an ICFA claim, as discussed below, the Plaintiffs' ICFA claim would still be barred.

### B. Safe Harbor Provisions

FGI also argues that Plaintiffs' claims are barred by the safe harbor provisions of the ICFA and the IDTPA, which immunize FGI from liability in conduct that is authorized by a federal regulatory body. (MTD 2); (MTD Mem. 11). As the IDTPA claim has already been dismissed, the court will solely examine the applicability of the safe harbor provisions to the ICFA claim.

#### 1. Consideration of Exhibits

The court notes that both parties have filed certain attachments which the court has considered. Generally, a court "may only consider the plaintiff's complaint when ruling on a Rule 12(b)(6) motion." *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013). However, Federal Rule of Civil Procedure 10(c) provides that "written instruments" attached to a pleading become part of that pleading for all purposes. Fed.R.Civ.P. 10(c). Thus, an attached document to the complaint qualifying as a written instrument, which is referred to and relied upon in asserting

the claim, becomes part of the complaint and "may be considered as such when the court decides a motion attacking the sufficiency of the complaint." *Williamson v. Curran*, 714 F.3d 432, 435-36 (7th Cir. 2013). Additionally, documents attached to Rule 12(b)(6) motions to dismiss which are similarly referred to in the plaintiff's complaint and central to the claim may also be considered. *Burke*, 714 F.3d at 505 (citing *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006)). Since the parties' exhibits are central to the instant claim, the court may consider them for purposes of adjudicating FGI's motion to dismiss.

### 2. Applicability of Statute

Pursuant to 815 ILCS §505/10b(1) (Section 10b(1)), "nothing in [the ICFA] shall apply to . . . [a]ctions or transactions specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States." 815 ILCS §505/10b(1). Thus, under Section 10b(1), parties are immune from liability under the ICFA "if the parties are doing something *specifically authorized* by federal law." *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 941 (7th Cir. 2001)(emphasis in original). However, "mere compliance with the rules applicable to labeling and advertising is not sufficient to trigger the exemption created by Section 10b(1)." *Price v. Philip Morris, Inc.*, 848 N.E.2d 1, 68 (Ill. 2005)(emphasizing that the "conduct at issue must be specifically authorized").

9

FGI contends that Plaintiff's claims are barred because the Alcohol and Tobacco Tax and Trade Bureau (TTB), which regulates the labels and advertising for liquors such as Tito's, has reviewed and expressly approved Tito's label, thereby exempting FGI from any liability and further disproving Plaintiffs' allegations. (MTD 2-3); (MTD Mem. 11-12). Plaintiffs argue that the "safe harbor doctrine is inapplicable in this case," because "there is no legislation that specifically authorizes the conduct alleged." (Resp. MTD 11). Additionally, Plaintiffs claim that FGI's safe harbor argument should be rejected because Plaintiffs allege misrepresentations on Tito's website as well. (Resp. MTD 11-12).

As a preliminary matter, the court notes and agrees with FGI's contention that the federal regulations overseen by the TTB not only include "Labeling Requirements for Distilled Spirits," 27 C.F.R. § 5.31-5.42, but also "Advertising of Distilled Spirits," 27 C.F.R. § 5.61-5.66, which would include both Tito's label and its website. *See* 27 C.F.R. § 5.61-5.62 (ensuring conformity of advertisement publications "in any other media"); (Reply MTD 10, fn 6).

Further, as the court has previously addressed, the court may consider FGI's attached exhibits, in the form of its Certificate for Label Approval (COLA) filed with the TTB. (MTD Ex. 2). FGI contends that TTB representatives have "personally inspected the manufacturing process at [FGI]'s facility multiple times," and that the TTB, as the relevant governing authority, has "repeatedly approved Tito's label as truthful and appropriate." (MTD Mem. 13). FGI's multiple COLAs attached to its

motion confirm that the TTB has consistently approved its applications for the precise labeling and language on each bottle of Tito's. (MTD Ex. 2). Thus, Tito's use of its label is specifically authorized by the TTB, as a regulatory body. *See Cruz v. Anheuser-Busch*, LLC, 2015 WL 3561536, at *5 (C.D. Cal. 2015)(considering COLAs to be "rulemaking authority . . . which trigger the safe harbor provision")(referencing *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 104 S.Ct. 2778, 2779 (1984)). Since the TTB approval of Tito's label triggers the safe harbor provision of the ICFA, FGI is exempt from liability. Therefore, FGI's motion to dismiss Count II is granted.

IV. Unjust Enrichment Claim

FGI argues that Plaintiffs do not state a viable claim for restitution or unjust enrichment. (MTD 2); (MTD Mem. 14). To state a claim for unjust enrichment, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Siegel*, 612 F.3d at 937 (citing *HPI Health Care Serv., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989)). Moreover, unjust enrichment "is not a separate cause of action" in Illinois. *Pirelli*, 631 F.3d at 447. Such claims, however, "may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence, and may be redressed by a cause of action based upon that improper conduct." *Alliance Acceptance Co. v. Yale Ins. Agency, Inc.*, 648 N.E.2d 971, 977

11

(Ill. App. 1995)(quoting *Charles Hester Enters., Inc. v. Ill. Founders Ins. Co.*, 484 N.E.2d 349, 354 (Ill. App. 1985))(internal quotations omitted).

Since Defendant's motion to dismiss was granted as to the claims in Counts I, II, and III, the remaining unjust enrichment claim in Count IV is also dismissed. *See Cleary v. Phillips Morris, Inc.*, 656 F.3d 511, 517 (7th Cir. 2011)(finding that unjust enrichment "will stand or fall" with related claims of "the same [alleged] improper conduct"). Therefore, for all of the reasons stated above, FGI's motion to dimiss is granted in its entirety.

## CONCLUSION

Based upon the foregoing analysis, FGI's motion to dismiss is granted in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   September 24, 2015